IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KARLA COOKE,<br><br>     Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>     Defendant. | No. 2:25-cv-02901-SHL-tmp |

**ORDER SUBSTITUTING THE CORRECT DEFENDANT**

Before the Court is the Joint Stipulation of Voluntary Dismissal and Substituting the Name of the Correct Defendant, filed November 11, 2025. (ECF No. 12.) Plaintiff Karla Cooke filed her complaint on September 24, 2025, in which she named Life Insurance Company of North America as Defendant.[1] (ECF No. 1.) Based on the stipulation, it appears that the correct defendant is not Life Insurance Company of North America, but TruckPro, LLC. (ECF No. 12 at PageID 24.) According to Life Insurance Company of North America, "it is not the proper Defendant in this short term disability ('STD') ERISA matter because the STD Policy is self-funded by Plaintiff's former employer," which is TruckPro, LLC. (ECF No. 10 at PageID 21.) Life Insurance Company of North America further states that it "has spoken with Plaintiff's former employer, which is the correct defendant." (Id.) Therefore, the Parties seek to dismiss the action against Life Insurance Company of North America under Federal Rule of Civil

---

[1] Cooke also previously filed against Life Insurance Company of North America a First Motion for Entry of Default (ECF No. 8) and a Motion to Withdraw First Motion for Entry of Default (ECF No. 11). Because this Order dismisses the defendant involved with those motions, they are **DENIED AS MOOT**.

Procedure 41 and substitute TruckPro, LLC, as the sole defendant in this matter. (ECF No. 12 at PageID 24.)

Because the Parties do not seek to dismiss the entire action, but rather to substitute one defendant for another, they appear to seek relief under Rule 21, which governs the misjoinder of parties, not Rule 41, which governs the dismissal of actions. See Girdlestone v. Ace Ltd., No. 3:09-CV-530, 2010 WL 3341854, at *2 (E.D. Tenn. Aug. 25, 2010) (substituting the correct defendant for an incorrect one under Rule 21).

District courts may "drop a misjoined party pursuant to Rule 21 absent an abuse of discretion." Letherer v. Alger Group, L.L.C., 328 F.3d 262, 267 (6th Cir. 2003), overruled on other grounds. "While Rule 41 'necessarily involves dismissal of the entire action, rather than merely certain claims[,] . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant' when evaluating a motion to dismiss under Rule 21." Henderson-Thompson v. Jardoin, No. 2:22-CV-2013, 2022 WL 349896, at *2 (W.D. Tenn. Feb. 4, 2022) (citation omitted). These Rule 41 standards evaluate whether the non-moving party would suffer prejudice. However, because this is a joint motion, no such concerns are present.

Under Rule 15, a party "may amend its pleading once as a matter of course no later than 21 days after serving it, or[,] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Because no answer has yet been filed, Cooke may amend her complaint to name the correct defendant.

Therefore, the Court characterizes the stipulation as a joint motion to amend the complaint to name the correct defendant under Rule 15 and to dismiss the current defendant under Rule 21. The motion is **GRANTED**. Going forward, the style of the case shall be Karla

<u>Cooke v. TruckPro, LLC</u>. The Life Insurance Company of North America, having been mistakenly named, is no longer a party to this action.

Cooke is **ORDERED** to serve the amended complaint and this Order on TruckPro, LLC, within fourteen days of entry of this Order. Service must comply with Rule 4(h) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED,** this 12th day of November, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE